IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ENOS F. TAPLIN, JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19−cv–01123−NJR |
| | ) | |
| **CAMRON WATSON** Warden (WIC), | ) | |
| **C/O DRALLE,** | ) | |
| **C/O ZALLER,** | ) | |
| **C/O KOCH,** | ) | |
| **LIEUTENANT GOODING,** | ) | |
| **MICHAEL P. MELVIN** Warden, | ) | |
| **TERRI KENNEDY** Warden, | ) | |
| **COUNSELOR WYKES,** | ) | |
| **LIEUTENANT HITCHENS** Security Specialist, | ) | |
| **C/O VISON,** | ) | |
| **COUNSELOR VASQUEZ ,** | ) | |
| **COUNSELOR RAWALD,** | ) | |
| **MAJOR WESTFALL,** | ) | |
| **JAQULEN LASHBROOK** Warden, | ) | |
| **MARANDA TATE** Counselor, | ) | |
| **LACIE LIVINGSTON** Counselor, | ) | |
| **COUNSELOR INBADEN,** | ) | |
| **COUNSELOR KELLER,** | ) | |
| **DEE DEE BROOKHART** Warden, | ) | |
| **COUNSELOR MCCASLIN,** | ) | |
| **ASHLEY MILLER** Nurse, | ) | |
| **C. SMITH** Nurse, | ) | |
| **K. KALER** Nurse, | ) | |
| **RANDY P. FISTER** Warden, | ) | |
| **THOMAS J. PART** CEO of CCDOC | ) | |
| **BRIAN W. CARROLL** Appeallate Defender, | ) | |
| **MARCOS REYES** CCDOC Public Defender, | ) | |
| **DAVID ROLECKI** CCDOC Public Defender, | ) | |
| **AMY CAMPANELLI** CCDOC Public Defender, | ) | |
| **DARRELL F. OMAN** Appellate Defender, | ) | |
| **DR. PITMAN,** | ) | |
| **CHRIS JOSE DELROSARIO** Doctor, | ) | |

| | |
|---|---|
| **PRICE** *Vocational Custodial Maintenance Teacher*, | ) ) |
| **K. ROBERTS** *Lakeland College Assistant Dean*, | ) ) |
| **OAKS** *Teacher*, | ) |
| **SHERER** *College Academic Instructor*, | ) |
| **BRUCE RAUNER** *Governor*, | ) |
| **JOHN BALDWIN** *Director*, | ) |
| **J.B. PRITZKER** *Acting Governor,* | ) |
| **PATTY SNEED** *ARB*, | ) |
| **OFFICER HOWELL,** | ) |
| **OFFICER HUGHES,** | ) |
| **OFFICER DELANY,** | ) |
| **LIEUTENANT PRIDDY,** | ) |
| **J. DYE** *Lieutenant*, | ) |
| **J. LOCHE** *Nurse*, | ) |
| **NURSE NANO,** | ) |
| **DR. CALDWELL,** | ) |
| **NURSE RUE,** | ) |
| **HICKS** *Personal Property Supervisor*, | ) |
| **RICE** *Commissary Supervisor*, | ) |
| **NURSE WILLINSTON,** | ) |
| **FISHER** *Personal Property Officer*, | ) |
| **ROB JEFFERYS** *Acting Director*, | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Enos F. Taplin, Jr., an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this civil rights action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Doc. 1). He seeks monetary damages and injunctive relief. (*Id.*). He also filed a motion for preliminary injunction and temporary restraining order. (Doc. 3). Because Plaintiff seeks a temporary restraining order ("TRO"), the Court will take up this matter without delay. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C.

2

§ 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). Along with the Complaint, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"). (Doc. 2). Before screening the Complaint, the Court must first address Plaintiff's eligibility for IFP status. 28 U.S.C. § 1914(a).

## IFP Motion

Plaintiff seeks permission to proceed without prepaying the full $400 filing fee for this action. 28 U.S.C. § 1914(a). Under Section 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Plaintiff, however, is barred from proceeding IFP under Section 1915(g), which prohibits a prisoner from bringing a civil action or appealing a civil judgment IFP, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). Plaintiff "struck out" under Section 1915(g) before filing this action and is therefore subject to the "three strikes" bar. Plaintiff received his third strike on October 24, 2016 in *Taplin v. Cook County, et al.*, Case No. 16 C 8988, Doc. 7 (N.D. Ill.)(Tharp. J.).[1] Because Plaintiff has "struck out" under Section 1915(g), he cannot

---

[1]Plaintiff has an extensive litigation history. He filed fourteen cases in the United States District Court for the Northern District of Illinois in 2016. *See Taplin v. Cook County, et al.*, Case No. 16 C 8987, Doc. 9 (N.D. Ill.)(Tharp, J.). Also, a search of PACER (Public Access to Court Electronic Records at

3

proceed IFP unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). "[I]mminent danger" within the meaning of § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)).

Plaintiff states he is in imminent danger because he is incarcerated for a wrongful conviction. He also makes conclusory statements about inhumane living conditions, but he does not set forth facts showing he is in imminent danger of serious physical injury. His other allegations appear to pertain to past events. The allegations in the Complaint do not establish that Plaintiff is under imminent danger of serious physical injury and, therefore, the IFP motion (Doc. 2) will be denied.

## **Discussion**

Plaintiff's Complaint, which spans 55 pages and names 54 defendants for a variety of claims, violates Rules 8, 18, and 20 of the Federal Rules of Civil Procedure. Rule 8 requires a Complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." FED. R. CIV. P. 8(a). It also requires each allegation to "be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). The purpose of the Rule is to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citing *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Rules 18 and 20 require a plaintiff to focus on related claims against the same group of

---

www.pacer.gov) shows that he filed four cases in Illinois federal district courts in 2017 and one case in 2018. In his Complaint, he lists 47 state and federal cases he has filed.

4

defendants. *See* FED. R. CIV. P. 18, 20. In *George v. Smith,* the Seventh Circuit Court of Appeals emphasized that unrelated claims against different defendants belong in separate lawsuits. 507 F.3d 605 (7th Cir. 2007). This is "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits, "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George*, 507 F.3d at 607 (citing 28 U.S.C. § 1915(b), (g)). Claims against different defendants, which do not arise from a single transaction or occurrence or a series of related transactions or occurrences and do not share a common question of law or fact, may not be joined in the same lawsuit. *See* FED. R. CIV. P. 20(a)(2). The Seventh Circuit has stated that "buckshot complaints" that include multiple unrelated claims against different individuals should be rejected. *Turley v. Gaetz*, 625 F.3d 1005, 1011 (7th Cir. 2010).

The Complaint is far from short, simple, or concise. Instead, it is repetitive, confusing, and parts of it are illegible. For most of the allegations, it is unclear where and when the events occurred. Plaintiff does not associate specific defendants with specific claims. Instead, he lists his complaints without reference to any act or omission by any specific defendant.[2]

In addition to running afoul of Rule 8 and *Twombly* pleading standards, by failing to assert specific acts of wrongdoing by specific individuals, the Complaint does not meet the personal involvement requirement necessary for Section 1983 liability. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Section 1983 creates a cause of action based on personal liability and predicated upon fault. Therefore, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 805, 810 (7th Cir. 2005). To state a claim against a defendant, a plaintiff must describe what the defendant did or failed to do that violated the plaintiff's constitutional rights. *Gentry*, 65 F.3d at

---

[2] There are a few instances where Plaintiff refers to defendants by numbers.

5

561. Merely naming a party in the caption of a Complaint is not enough to state a claim against him or her. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

The Complaint contains unrelated claims against different defendants. The allegations begin with Plaintiff's "false imprisonment" in January 2012 on charges for which he was "wrongfully convicted" in 2016 and continue through 2019. The defendants include, but are not limited to, IDOC Directors, IDOC Wardens, IDOC prison staff, IDOC medical staff, State of Illinois elected officials, public defenders, a college assistant dean, a college academic instructor, teachers, and an Administrative Review Board member. The allegations against prison officials relate to incidents that occurred at three different IDOC facilities including Lawrence, Pontiac Correctional Center, and Menard Correctional Center. Additionally, at least one defendant is named in his capacity as the Warden at Western Illinois Correctional Center.

Plaintiff includes a variety of unrelated claims including, but not limited to, the following: false imprisonment due to wrongful conviction; inadequate medical care for an infected foot, dry skin, bad back, dislocated elbows, infected neck disease, tuberculosis, nerve damage in his hand, left wrist injury, and fractured knee; unconstitutional conditions of confinement including overcrowding, inhumane smells, inhumane conditions, inadequate air quality and temperature, contaminated prison cells, and inadequate dietary; incorrect security classification; improper blue level escape risk identification; incorrect return to A grade status; mishandling of grievances; excessive force; harassment; and false staff assault charges. Additionally, Plaintiff complains about numerous cases being dismissed by federal district courts. It appears he may be attempting to revive some of the dismissed claims by bringing them in this case. He also complains that court fees have been taken from his prison trust fund account for cases that have been dismissed. He alleges he is unable to purchase commissary items because of the withdrawal of fees which has

resulted in health and safety issues.

The Seventh Circuit recognizes that "[d]istrict judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013). In other words, judges should not have to sift through the pages of a long and incomprehensible complaint and piece together a plaintiff's claims for him. Although length alone does not warrant dismissal, length combined with unintelligibility or lack of organization do. *Stanard*, 658 F.3d a 797-98; *Garst v. Lockheed Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Plaintiff has submitted a poorly organized, overly complicated Complaint against 54 defendants. The Court cannot expend judicial resources searching for colorable claims. The onus is on Plaintiff to articulate his claims.

For these reasons, the Complaint does not survive Section 1915A review and will be dismissed. Plaintiff will have an opportunity to file an amended complaint if he wishes to proceed with this case. Plaintiff should only include related claims against a single group of defendants in his Complaint. A successful complaint generally alleges "the who, what, when, where, and how ...." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Plaintiff should attempt to include the relevant facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. An amended complaint should comply with *Twombly* pleading standards and Rules 8, 18, and 20.

Plaintiff should not include a claim that he is illegally confined based on a "wrongful conviction." To the extent he challenges the fact of his confinement and seeks release, Plaintiff has a single federal remedy—a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (dismissing Section 1983 claims that should have been brought as petitions for

writ of habeas corpus). Section 1983 provides him with no avenue to this relief.

Finally, Plaintiff may not include a claim against attorneys who represented him with regard to his "wrongful conviction." Defense attorneys, even those appointed by the court, are not considered state actors or federal official for purposes of a claim under Section 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law [for purposes of liability under § 1983] when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Turner v. Godinez*, 693 F.App'x. 449, 454 (7th Cir. 2017) ("public defenders were not acting under color of state law and thus cannot be sued under § 1983"); *Brown v. Wisconsin Public Defender's Office*, 854 F.3d 916 (7th Cir. 2017) (prisoner incurred two strikes for filing frivolous civil rights action and appeal against public defender's office based on representation of him in appeal); *Swift v. Swift*, 556 F.App'x. 509, 510-511 (7th Cir. 2014) (public defenders acting as criminal counsel do not act "under color of state law" and cannot be sued under § 1983); *McDonald v. White*, 465 F.App'x. 544 (7th Cir. 2012) (same). Accordingly, Brian W. Carroll, Marcos Reyes, David Rolecki, Amy Campanelli, and Darrell F. Oman will be dismissed with prejudice.

## **Injunctive Relief**

Plaintiff requests a motion for preliminary injunction and a temporary restraining order ("TRO") in his Complaint. He also filed a memorandum in support of his request and an order to show cause that has been docketed as his motion for preliminary injunction and TRO. (Doc. 3). The Court has considered all of those pleadings for purposes of Plaintiff's request for preliminary injunctive relief.

Plaintiff alleges that there are "four necessary changes that permanently need to be made" because of his "false imprisonment blue escape risk I.D. card." He requests an Order that

(1) changes his blue escape risk security classification status I.D. card to white; (2) transfers him to his correct security classification status facility; (3) returns him to A-grade; and (4) clears his entire disciplinary history since the beginning of his prison sentence. He wants his criminal history cleared of his wrongful conviction and a 2011 escape indictment that was dismissed. He also wants the wrongful conviction removed from court records. Additionally, he wants prison officials ordered to cease further discrimination, violations, and "intentional infliction."

A TRO is an order issued without notice to the party to be enjoined that may last no more than fourteen days. *See* FED. R. CIV. P. 65(b)(2). A TRO may issue only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan,* 511 U.S. 825, 845 (1994). To obtain a preliminary injunction, a plaintiff must demonstrate that (1) he is likely to suffer irreparable harm without the injunction; (2) there is no adequate remedy at law; and (3) he is likely to succeed on the merits. *Turnell v. CentiMark Corp.*, 796 F.3d 656, 661-62 (7th Cir. 2015). If the court determines that the moving party has failed to demonstrate any one of these three threshold requirements, it must deny the injunction. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008)

The Court discerns no reason why a preliminary injunction or TRO should be issued for the relief sought. Plaintiff has not established that he will suffer irreparable injury, loss, or damage before the defendants can be heard in opposition. He has not shown that he will suffer irreparable harm without an injunction. Further, he has not shown that he is likely to succeed on the merits as the Complaint has not passed Section 1915A review. Accordingly, Plaintiff's request for a

preliminary injunction and TRO will be denied.

**Motion for Recruitment of Counsel**

Plaintiff filed a Motion for Recruitment of Counsel. (Doc. 4). Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(1), the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). When deciding whether to recruit counsel for an indigent litigant, the Court must consider (1) whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, and, if so, (2) whether the difficulty of the case exceeds the plaintiff's capacity as a layperson to coherently present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 655).

Plaintiff has not provided the Court with proof of any efforts to locate counsel on his own, only a statement that he was denied representation by law firms. He also cites no impediments to self-representation. For these reasons, the motion will be denied. Plaintiff may renew his request for counsel at a later date. If Plaintiff does renew his request, he should give the Court rejection letters from at least three attorneys to prove that he has made reasonable efforts to obtain counsel on his own.

**Disposition**

**IT IS HEREBY ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for violation of Federal Rules of Civil Procedure 8, 18, and 20 and failure to state a claim upon which relief can be granted.

**IT IS ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is **DENIED**. Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of

whether Plaintiff files a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Plaintiff shall pay the full filing fee of $400.00 for this action within **fourteen (14) days** of the date of entry of this Order. If Plaintiff fails to comply with this Order in the time allotted by the Court, this case will be dismissed. *See* Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

**IT IS ORDERED** that Plaintiff's motion for preliminary injunction and temporary restraining order (Doc. 3) and his request for preliminary injunctive relief in his Complaint are **DENIED**.

**IT IS ORDERED** that Plaintiff's Motion for Recruitment of Counsel (Doc. 4) is **DENIED**.

**IT IS ORDERED** that Brian W. Carroll, Marcos Reyes, David Rolecki, Amy Campanelli, and Darrell F. Oman are **DISMISSED** with prejudice and the Clerk of Court is **DIRECTED** to **TERMINATE** them as parties in the Court's Case Management/Electronic Case Filing system.

**IT IS ORDERED** that Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **November 22, 2019**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

If Plaintiff chooses to proceed, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-01132-NJR). To enable

Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the First Amended Complaint must stand on its own without reference to any previous pleading. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A and to severance of improperly joined claims into new suits under Federal Rule of Civil Procedure 21.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 18, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**